UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

Yanko Montes De Oca,
Analy Otero Castellon,
Norly Bosch,
Yoselaines Aponte,
Ana Pardo,
Jesus Manzanilla,
Yumirky Perez,
and Jorge Caballero

    Plaintiff,

vs.

Lasership, Inc.,
Rauly AA LLC,
Palladium First Corp,
Sound Logistics LLC
Subcontracting Concepts, LLC
and Ella For MB LLC

    Defendants.
_____/

# COMPLAINT

Plaintiffs, Yanko Montes De Oca, Analy Otero Castellon, Norly Bosch, Yoselaines Aponte, Ana Pardo, Jesus Manzanilla, Yumirky Perez, and Jorge Caballero (collectively, "Plaintiffs"), by and through the undersigned counsel, hereby sues Defendants, Lasership, Inc., Rauly AA LLC, Palladium First Corp, Sound Logistics LLC, Subcontracting Concepts, LLC and Ella For MB LLC (collectively, "Defendants"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"),.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendants Lasership, Inc., Rauly AA LLC, Palladium First Corp, Sound Logistics LLC, Subcontracting Concepts, LLC, and Ella For MB LLC are authorized to conduct business in Miami Dade County, Florida, where Plaintiffs worked for Defendants, and at all times material hereto was and is engaged in interstate commerce.

4. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

5. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiffs started working for Defendants on different dates between the years 2021 and 2022.

7. Plaintiffs were paid on a piecework basis.

8. They worked during the peak shopping season, from November to December, an average of ninety-eight (98) to one hundred (100) hours per week.

9. Additionally, in the months from January to June, they worked approximately seventy (70) hours per week.

10. Despite working more than forty (40) hours per week, these employees were never paid one and one-half times the regular rate of pay or basic rate of pay for all hours worked in a workweek over forty (40), as the FLSA stipulates.

11. Defendants are joint employers of Plaintiffs and also run a joint enterprise in which all corporations and their officers jointly had the ability to control the Plaintiff's work, schedules, pay rates, and could hire and fire Plaintiffs.

## COUNT I
### *Wage & Hour Federal Statutory Violation against All Defendants*

12. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 11 of this complaint as if set out in full herein.

13. This action is brought by Plaintiffs to recover from the Defendants unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

14. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

15. Upon information and belief, at all times material hereto, Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendants operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

16. By reason of the foregoing, the Defendants is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendants' business

activities involve those to which the FLSA applies. The Plaintiffs' work for the Defendants likewise affects interstate commerce.

17. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

18. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendants:

A. Adjudge and decree that Defendants have violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: February 12, 2024	Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000